UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT LEWIS JONES** | **CIVIL ACTION NO. 07-0744** |
| **VS.** | **SECTION P** |
| **WARDEN TERRY TERRELL** | **CHIEF JUDGE HAIK** |
| | **MAGISTRATE JUDGE METHVIN** |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about April 19, 2007 by *pro se* petitioner Robert Lewis Jones. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving the 10-year sentence imposed following his 2003 conviction for possession of marijuana, third offense in the Fourteenth Judicial District Court, Calcasieu Parish.

The petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d). In the alternative, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since a review of the petition and exhibits reveals that petitioner is clearly not entitled to the relief he seeks.

2

## *Statement of the Case*

Petitioner was charged with possession with intent to distribute marijuana in a Bill of Information filed in August 2002. On February 5, 2003 he entered into a plea agreement and pled guilty to possession of marijuana, third offense. [doc. 1-3, pp. 6-24] On May 16, 2003, following a sentencing hearing and the consideration of a pre-sentence investigation report, the judge sentenced petitioner to serve 10-years at hard labor. [doc. 1-3, pp. 25-45]

Petitioner did not appeal his conviction or sentence. [doc. 1-1, paragraph 8; doc. 6, paragraph 6] On July 28, 2004 he filed a *pro se* "Motion for Out-of-Time Appeal" in the Fourteenth Judicial District Court. His Motion was denied on October 20, 2004. [doc. 6, paragraph 7(b)] Petitioner sought review of the denial of his motion in the Third Circuit Court of Appeals. On March 30, 2005 his writ application was denied. [doc. 6, paragraph 7(b)(ix)] Petitioner did not seek further review in the Louisiana Supreme Court.[1]

On May 16, 2005 petitioner filed a *pro se* application for post-conviction relief in the Fourteenth Judicial District Court. His application was denied on June 24, 2005. On August 23, 2005 he filed an application for writs in the Third Circuit Court of Appeals under Docket Number KH 05-01110. On December 16, 2005 his writ application was denied. [doc. 1-3, Exhibit B, p. 4; unpublished judgment, *State of Louisiana v. Robert Lewis Jones*, KH 05-01110, (La. App. 3 Cir. 12/16/2005) ] On some unspecified date he filed an application for writs in the

---

[1] A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals only one Supreme Court writ judgment involving the petitioner. That writ judgment was associated with petitioner's Application for Post-Conviction Relief. See *State ex rel. Robert Lewis Jones v. State of Louisiana*, 2006-1133 (La. 11/22/2006), 942 So.2d 547.

3

Louisiana Supreme Court. On November 22, 2006 his writ application was denied. *State ex rel. Robert Lewis Jones v. State of Louisiana*, 2006-1133 (La. 11/22/2006), 942 So.2d 547.

Petitioner signed the cover letter and memorandum associated with his federal petition for *habeas corpus* on April 19, 2007 [doc. 1-4, p. 12; doc. 1-1, p. 7]; it was post-marked April 20, 2007 [doc. 1-1, p. 8] and received and filed on April 23, 2007. Petitioner argues (1) that his guilty plea was unlawfully obtained because it was induced by an unfulfilled promise of a sentence of probation; and, (2) that the Third Circuit Court of Appeals and the Louisiana Supreme Court erred by failing to observe that petitioner's involuntary guilty plea constituted "plain error." Petitioner also moves for the appointment of counsel. [doc. 1-4, p. 12; doc. 3]

## *Law and Analysis*

### *1. Appointment of Counsel*

The court may appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. 28 U.S.C. § 2254; Rules 6(a) and 8(c), Rules Governing Section 2254 Cases; and 18 U.S.C. § 3006A. Nevertheless, there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). See also *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); and *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992).

Of course, should a *habeas* court ultimately determine that an evidentiary hearing is necessary, it must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual

4

complexity of the case along with petitioner's ability to prepare and present his claim. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). See *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that in the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants).

The undersigned finds that petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claim. Further, as is shown hereinafter, petitioner's claims are time-barred and without merit. Since dismissal is recommended on initial review, appointment of counsel would serve no useful purpose.

### *2. 28 U.S.C. §2244(d)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date

5

that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on May 16, 2003 and he did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the ... expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], five days (not counting holidays) following the imposition of sentence[3] or, on or about May 27, 2003.[4]

---

[2] Petitioner does not allege, nor do the pleadings suggest that the limitations period should be reckoned from any event other than the date of finality of judgment. Petitioner has not alleged the existence of state created impediments, a newly recognized constitutional right, or the late discovery of the factual predicate of his claims. Therefore, the provisions of 28 U.S.C. §2244(d)(1)(B), (C), and (D) are not applicable.

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction and sentence, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment did not become effective until August 15, 2003. See La. Const. Art. 3, §19.

[4] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Friday, May 17, 2003. The five day delay for filing an appeal commenced on Monday, May 19, and, since Saturday May 24, Sunday May 25, and Monday May 26 (Memorial Day) were holidays, the period expired at the latest on Tuesday, May 27, 2003.

6

Under 28 U.S.C. § 2244(d)(1) petitioner had one year, or until May 27, 2004 to file his federal *habeas corpus* petition. He cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because by his own admission he did not file a post-conviction pleading in the Louisiana courts until July 28, 2004, when he filed his Motion for Out-of-Time Appeal [doc. 6, paragraph 7(b)(iii)] and, by that time, his federal claims had already prescribed.[5]  Further, he could not revive the already expired limitation period simply by filing his otherwise timely pleading in the state court. *Villegas* 184 F.3d at 472. Once the federal filing period elapses, subsequent state filings have no bearing on the timeliness of an application for federal *habeas corpus* relief.

Nor is petitioner entitled to the benefits of equitable tolling.  He cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996).

---

[5] Even if petitioner were afforded the benefits of the amended version of La. C.Cr.P. art. 914(b)(1), his federal *habeas* petition would still be untimely. Under the amended version of art. 914, his judgment would have become final thirty days after sentencing, or June 17, 2003. As shown above, he did not file his Motion for Out-of-Time appeal within a year of that date.

7

Finally, equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). In this case, petitioner was hardly diligent. Petitioner's post-conviction litigation ceased to be pending on November 22, 2006 when his writ application was denied by the Louisiana Supreme Court. *State ex rel. Robert Lewis Jones v. State of Louisiana*, 2006-1133 (La. 11/22/2006), 942 So.2d 547. Thereafter, a period of almost 5 months elapsed before petitioner filed the instant suit.

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

### *3. Rule 4 Considerations*

Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts provides in part, "The original petition shall be presented promptly to a judge of the district court... The petition shall be examined promptly by the judge to whom it is assigned. <u>It if plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified...</u>"  (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory

8

committee Notes.") Since, as shown hereinafter, it plainly appears that petitioner is not entitled to relief, dismissal pursuant to Rule 4 is recommended.

In his first claim for relief, petitioner alleges that his guilty plea "... was induced by the State of Louisiana's promise of a probated sentence..." and this promise was breached. This claim is refuted by the transcript of the plea colloquy. Prior to accepting petitioner's plea, the court engaged in the following colloquy with petitioner:

> Court: You understand that what they have done is they are amending the bill of information to reflect that they are changing this charge from possession of CDS ... with intent – which is possession of marijuana, I'm guessing – with intent to distribute, to marijuana 3rd offense. You're aware of that?
>
> Defendant: Yes, sir.
>
> Court: Okay, and you understand that they indicate that there's going to be a plea recommendation; you understand that?
>
> Defendant: Yes, Sir.
>
> Court: <u>You do understand, however, that I do not have to accept any recommendation of either the District Attorney's Office or your attorney; you understand that?</u>
>
> Defendant: Yes, sir.
>
> Court: <u>And as long as I sentence you within the confines of that Statute, that I'm able to do that. You understand that?</u>
>
> Defendant: Yes, sir.
>
> Court: <u>Okay. So even though they indicate, and may have promised you that they were going to make that recommendation, they can't promise you what you're going to get.</u>
>
> Defendant: Yes, sir.

9

> Court: <u>And you understand that for 3rd offense possession of marijuana, the offender shall be sentenced to imprisonment with or without hard labor for not more than twenty years. So, you know you could get up to twenty years in prison?</u>
>
> Defendant: Yes, sir. [doc. 1-3, pp. 10-11]

Further, the court and defendant engaged in the following colloquy,

> Court: Has anybody threatened, pressured or forced you to enter this plea here today?
>
> Defendant: No, sir.
>
> Court: Has anybody made any promises to you for entering this plea here today?
>
> Defendant: No, sir. [*id.*, p. 14]

Finally, in discussing the appropriate sentence, the court made the following observations once it was apprised of petitioner's criminal history, "Mr. Jones, I'm just wondering why should I give you – I consider five years, suspended, five years supervised probation, a real break, circumstances considered – and I'm just wondering why I should do that?" [*id.*, p. 18]

The petitioner responded with a lengthy statement indicating his desire to reform his life for the sake of his children. [*id.*, pp. 18-20] To which the judge responded,

> Well, I will tell you what, Mr. Jones, quite honestly, that's a very compelling story and if all of that bears true, then, you know, I would be inclined to accept the recommendation, at least a portion that is acceptable under the statute. However, I'm – I would like to have some sort of report regarding that. <u>I am not accepting the recommendation at this time. It may well be that I'll ultimately accept that, but I'm going to ask for a pre-sentence investigation in this matter. Which will mean at a later date, you're going to need to come back for sentencing ...</u>
>
> And let me just say this. If what you're saying regarding your thirteen-year-old and your four-year-old, and the circumstances bear out, then I will consider the five years, suspended; five years supervised probation. <u>If it does not bear out, Mr.</u>

10

<u>Jones, you may want to bring your toothbrush when you come back; okay</u>? [*id.*, pp. 20-21]

Clearly, the transcript belies petitioner's claim that he was promised a sentence of probation.

Petitioner also claims that the court neglected to inform petitioner of the "... nature of the charge to which he was pleading, or of the mandatory minimum to which he was exposed, all as required by La. Code of Criminal Procedure art. 556.1 ..." **[**doc. 1-4, p. 4**]**

Petitioner pled guilty to possession of marijuana third offense. The statute proscribing that offense does not provide for a minimum mandatory sentence. See La. R.S.40:966(E)(3) which provides, "... on a third or subsequent conviction for [possession of marijuana] ... the offender shall be sentenced to imprisonment with or without hard labor for not more than twenty years." As shown above, petitioner was advised that he was subject to being sentenced up to the maximum of 20-years. Since there is no mandatory minimum sentence associated with the charge in question, the failure of the court to advise petitioner in this regards is not error.

Petitioner also complains that the court neglected to advise him of the nature of the charge he was pleading to. A court's failure to explain elements of the offense, or to advise a defendant of what the government must prove at trial is harmless error when there is evidence, other than a recitation of the factual basis for the charge, indicating the defendant understood the nature of the charge. *United States v. Smith*, 184 F.3d 415 (5th Cir.1999); *United States v. Reyna*, 130 F.3d 104 (5th Cir.1997); *United States v. Guichard*, 779 F.2d 1139 (5th Cir.1986).

Again, the transcript of the plea colloquy indicates that petitioner was advised of and understood the nature of the offense in question. At the outset, his court-appointed attorney

11

stated, "Your Honor, Mr. Jones is represented by the Public Defender's Office. <u>I have advised him of this plea agreement and the facts of the case</u>; gone over the Waiver of Constitutional Rights and Plea of Guilty form. He understands this form, has signed it, and wants to take the plea of possession of marijuana 3rd Offense." When questioned by the judge, petitioner verified that the statement made by his attorney was accurate. [doc. 1-3, pp. 7-8] Prior to pleading guilty, petitioner indicated that he understood that the charge of possession with intent to distribute marijuana was being amended to a charge of possession of marijuana third offense. [*id*., p. 10] Further, prior to accepting the plea, the court required the State to set forth the factual basis of the plea. The prosecutor stated, "The narcotics officers with canine dogs were conducting a drug interdiction detail at a Greyhound Bus Line. One of the dogs hit on a bag that was carried by the defendant. The bag contained two significant sized bags of marijuana." [id., p. 15] Petitioner admitted the truth of that statement and admitted to being in possession of the bags containing marijuana. [*id*.] The petitioner also admitted other prior convictions for possession of marijuana in Georgia in 1987 and during the 1970's and in Texas in 1997. [*id*., p. 17] Finally, petitioner, in requesting leniency, admitted to being "... caught up in a lifestyle of lots of partying, and you know, we worshiped marijuana..." [*id*., p. 19] Clearly, the record establishes that petitioner understood and admitted to possessing a quantity of marijuana; based on his prior experience, he understood that marijuana is an illegal drug; and he understood that he had been convicted of possessing marijuana at least two times before the plea in question. In short, the record refutes petitioner's claim that he did not understand the nature of the charge of possession of marijuana, third offense. The record before the court belies each of petitioner's assertions in support of claim one.

12

In his second claim for relief, petitioner argues that the State breached a plea bargain agreement and that the breach was "plain error" such that petitioner did not have to preserve the error by timely objection. Petitioner's claim is without merit. As shown above, there was no "plea bargain agreement" as to sentence. The judge clearly advised petitioner that by pleading guilty he was exposing himself to a sentence of up to twenty-years. Petitioner's claim is not only unsupported by the record, it is refuted by the record. Petitioner is clearly not entitled to relief and therefore, his claims are subject to dismissal in accordance with the provisions of Rule 4.

**ACCORDINGLY,**

**IT IS ORDERED THAT** petitioner's Motions for Appointment of Counsel [doc. 1-4, p. 12; doc. 3] are **DENIED**;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d); and, in the alternative,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts because the petition and exhibits establish that petitioner is not entitled to the relief he seeks.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

13

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 14, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)